[S. F. No. 10258.  In Bank.—June 1, 1923.]

## COAST TRUCK LINE (a Corporation), Petitioner, v. THE RAILROAD COMMISSION et al., Respondents.

[1] RAILROAD COMMISSION—ORDER PROHIBITING FURTHER TRANSPORTATION OF FREIGHT — EVIDENCE — ADMISSIONS. — In a proceeding in *certiorari* to annul an order of the Railroad Commission prohibiting the further transportation of freight by a corporation between certain points and requiring said corporation to make application for a certificate of public convenience and necessity and to establish the same at a public hearing before accepting or transporting any further shipments between the prohibited points, the contention that the decision of the commission is unsupported by the evidence is without merit where it appears that when the matter was called for hearing before the commission it was expressly and formally admitted by the corporation that all the allegations of fact in the complaint against it were true, this admission dispensing with the necessity of taking evidence as to those issues of fact and leaving to the consideration of the commission only such questions of law as arose out of such admitted facts of the case.

[2] ID.—AUTO STAGE AND TRUCK TRANSPORTATION ACT—CERTIFICATE OF PUBLIC CONVENIENCE AND NECESSITY—JURISDICTION.—The Railroad Commission is acting within the scope of its supervisory and regulatory jurisdiction in requiring a certificate of public convenience and necessity as a condition precedent to the carrying on of a transportation and truckage business over certain designated routes or territory, under the provisions of the Auto Stage and Truck

---

2.  Power of Public Service Commission to regulate carriers, note, 32 L. R. A. (N. S.) 639.

191 Cal.—17

Transportation Act of 1917 (Stats. 1917, p. 233), and hence has jurisdiction to hear and determine complaints for the violation of the provisions of said act in that regard.

[3] ID.—VIOLATION OF ORDERS—INJUNCTION—JURISDICTION.—The Railroad Commission has power to require an operator of motor-trucks to make application for a certificate of public convenience and necessity and to establish the same at a public hearing before accepting or transporting any further shipments of freight between certain designated points, where such operator is acting in excess of its rights and franchises acquired through transfers and in express violation of the terms and limitations contained in the orders of the commission approving such transfers.

PROCEEDING in Certiorari to annul an order of the Railroad Commission prohibiting further transportation of freight between certain points. Order affirmed.

The facts are stated in the opinion of the court.

H. J. Bischoff for Petitioner.

Hugh Gordon and William W. Clary for Respondents.

RICHARDS, J., *pro tem.*—This proceeding was instituted by the petitioner herein seeking to have this court review and annul a certain order of the Railroad Commission made and entered on April 21, 1922, determining that no further transportation of freight shipments shall be made by this petitioner between Los Angeles and points south of Oceanside, to and including San Diego, or the territory from San Diego to Oceanside, when shipments originate at or are destined to the territory between Oceanside and Escondido and that all rates as now appearing in the tariff of the petitioner for the movement of such shipments between the prohibited territory above mentioned should be canceled, and requiring the said petitioner, Coast Truck Line, to make application for a certificate of public convenience and necessity and to establish the same at a public hearing before accepting or transporting any further shipments between said prohibited points.

The undisputed facts which form the basis of said application and are essential to a consideration of its merits are the following: Prior to March 8, 1921, one Roy Jakeway was engaged in operating motor-trucks between San Diego

and Oceanside under certain operating rights and franchises. Prior to the same date one Roy Whetstone was engaged in operating motor-trucks between Los Angeles, Escondido, and Oceanside under similar operating rights and franchises. On said March 8, 1921, the Coast Truck Line, a corporation, the petitioner herein, acquired by purchase from said Roy Jakeway and Roy Whetstone the operating rights and franchises held by each, and on said March 8, 1921, these respective transfers of said operating rights and franchises were approved by the Railroad Commission. Immediately thereafter the petitioner herein began the transportation of freight between Los Angeles and Escondido and points intermediate Oceanside and Escondido, and between Los Angeles and San Diego and points intermediate Oceanside and San Diego. On July 11, 1921, one Harry N. Baker filed with the Railroad Commission a complaint against said Coast Truck Line, Incorporated, setting forth in substance that the latter was engaged in certain operations as an acceptor and carrier of freight in expansion and excess of the rights and franchises acquired by it from the foregoing transfers, without having applied for or obtained from the Railroad Commission the requisite certificate of public convenience and necessity authorizing it so to do, and that its action in so doing was in violation of the decision and order of the Commission made upon the approval of said transfers. A hearing was had upon said complaint before the Commission after due notice to the respondent therein at which hearing the matter was submitted upon the facts set forth in said complaint, whereupon the Commission on April 21, 1922, made and entered the order, the substance of which is above set forth and which is complained of in the instant proceeding.

The petitioner herein urges three contentions in favor of the issuance of the writ: First, that the Commission had no jurisdiction over the subject matter of said complaint; second, that the Commission exceeded its authority in the issuance of an injunction herein; and third, that the decision of the Commission is unsupported by evidence and is contrary to law.

[1] Dealing first with the petitioner's contention that the decision of the Commission is unsupported by evidence we find no semblance of merit in it. When the matter was called

for hearing before the Commission it was expressly and formally admitted by respondent in that proceeding that all of the allegations of fact in the complaint were true. This admission dispensed with the necessity of taking evidence as to those issues of fact, leaving to the consideration of the Commission only such questions of law as arose out of these admitted facts of the case.

[2] As to the other two contentions of the petitioner herein, they both received exhaustive consideration by this court in the case of *Motor Transit Co. et al.* v. *Railroad Com.,* 189 Cal. 573 [209 Pac. 586], a case in no material aspect distinguishable from the case at bar and in which case it was held that the Railroad Commission was acting within the scope of its supervisory and regulatory jurisdiction in requiring a certificate of public convenience and necessity as a condition precedent to the carrying on of a transportation and truckage business over certain designated routes or territory, under the provisions of the Auto Stage and Truck Transportation Act of 1917 (Stats. 1917, p. 333), and hence had jurisdiction to hear and determine complaints for the violation of the provisions of said act in that regard. [3] It was also held that in the proper exercise of its jurisdiction over the subject matter in controversy accorded it by that decision the order of the Commission directing the transportation company to refrain from doing the act found by the Commission to have been done in violation of the provisions of the statute requiring a certificate of public convenience and necessity before doing such act was not an unauthorized exercise by the Commission of injunctive powers. In so deciding this court. reviewed practically every case cited by the petitioner herein in support of its several contentions. We are satisfied with the conclusions arrived at in that case and that they have exact application to the facts of the instant case. We are also satisfied that the Commission upon the admitted facts of the case correctly determined that the petitioner herein in engaging in the operations as an acceptor and carrier of freight between Los Angeles and San Diego, as described in the complaint before it, was acting in expansion and excess of the rights and franchises acquired by it through the transfers above referred to and in express violation of the terms and limitations contained

in the orders of the Commission approving such transfers, and hence that said Commission had jurisdiction and power to make and enter the orders of which the petitioner herein complains.

The order is affirmed.

Lawlor, J., Waste, J., Lennon, J., Myers, J., Kerrigan, J., and Wilbur, C. J., concurred.

Rehearing denied.

All the Justices present concurred.